**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**RAYMOND V. GUTIERREZ (no. F12264)**                                        **PLAINTIFF**

**vs.**                                              **CIVIL ACTION NO.:  3:13cv98-MPM-DAS**

**CORRECTIONS CORPORATION OF AMERICA**                            **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff

Raymond V. Gutierrez, a California inmate currently housed at the Tallahatchie County

Correctional Facility in Tutwiler, Mississippi, filed a pro se complaint pursuant to 42 U.S.C. §

1983 against the Corrections Corporation of America and was granted permission to proceed in

forma pauperis in this action.  Having liberally construed Plaintiff's claims and considered the

applicable law, the Court finds that the complaint should be dismissed, for the reasons that

follow.

**Plaintiff's Allegations**

Plaintiff maintains that the Tallahatchie County Correctional Facility ("TCCF"), a private

facility operated by the Corrections Corporation of America ("CCA"), provides cable television

services, and that these services allow inmates access to Protestant networks but not Catholic

networks.  Specifically, he alleges that he has requested that the Eternal Television World

Network ("ETWN"), a Catholic network, be made available to inmates, but that his requests have

been denied.  He maintains that the facility's refusal to make Catholic television programming

available denies him of his equal protection rights under the Fourteenth Amendment, and he asks

1

the Court to issue an order requiring CCA to provide ETWN in all of their facilities.

## Screening Standards

Because Plaintiff has been permitted to proceed in forma pauperis in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of in forma pauperis status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

Attached to Plaintiff's complaint is a January 30, 2013, "Third Level Appeal Decision" from the California Department of Corrections and Rehabilitation ("CDCR") related to Plaintiff's complaint that TCCF does not provide any Catholic television programming. The CDCR found that TCCF currently provides a non-denominational channel "that shows different programs for different religions." It also noted that TCCF staff had convened to consider

2

Plaintiff's request and determined that it "was not operationally practical to provide each religious denomination with their own channel." The CDCR denied Plaintiff's appeal, finding that TCCF was providing non-denominational religious programming, that Plaintiff was not being denied access to that programming, and that TCCF was not otherwise interfering with Plaintiff's exercise of Catholicism.

"'[A] State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect.' Rather, as long as they do not burden a fundamental right or target a suspect class, state agencies may pursue legitimate purposes by any means having a conceivable rational relationship to those purposes." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997) (quoting *Dandridge v. Williams*, 397 U.S. 471, 485 (1970)). No fundamental right is implicated in this case, as there is no constitutional right to watch television. *See Scheanette v. Dretke*, 199 Fed.Appx. 336, 2006 WL 2474486 (5th Cir. August 28, 2006) (rejecting equal protection claim by death row inmates and noting absence of constitutional right to watch television); *Sweed v. Zeller*, 85 F.3d 621, 1996 WL 254936 (5th Cir. April 17, 1996) (rejecting as frivolous claim that equal protection rights were violated by facility when Hispanic inmates were allowed to watch Hispanic rap music on television, while black inmates were not allowed to watch black rap music); *see also Sonnier v. Quarterman*, 476 F.3d 349, 368 n. 17 ("The Supreme Court has explained that fundamental rights, for equal protection purposes, are such rights as: a right of a uniquely private nature, the right to vote, a right of interstate travel[,] and rights guaranteed by the First Amendment.") (citation omitted).

Additionally, Plaintiff has not alleged, nor does the Court find, that he, as a practicing Catholic, is a member of a suspect class. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S.

3

432, 440 (1985) (holding heightened equal protection scrutiny applies only to classifications based on race, alienage, national origin, gender, and illegitimacy). TCCF's refusal to add ETWN, therefore, need only be "rationally related to achieving a legitimate government interest . . . and will be upheld 'if any state of facts reasonably may be conceived to justify [the State's discrimination.]'" *Newman Marchive Partnership, Inc. v. Hightower*, 349 Fed.Appx. 963, 965, 2009 WL 3403189 (5th Cir. October 22, 2009) (quotation omitted).

Plaintiff cannot support an Equal Protection Clause violation merely by asserting that he, as a Catholic, does not get the same opportunities as other Christian inmates. *See, e.g., Johnson*, 110 F.3d at 306-07 (holding that proof of "the existence of purposeful discrimination" as a motivator of the State action must be shown in order to state a claim for an equal protection violation). The documents attached to Plaintiff's complaint indicate that TCCF provides non-denominational religious programming, and that it is not feasible for TCCF to add specific religious channels for each faith represented in the prison. To the extent that TCCF's refusal to add a Catholic-specific network even constitutes a governmental classification that distinguishes between persons, the Court finds that its restriction on religious-specific programming is rationally related to its interest containing programming costs.

Plaintiff has not alleged that he has been denied ability to practice his Catholic faith, and he has not alleged that he has been denied access to the non-denominational religious programming available at TCCF. The denial of privileges he complains of in the instant complaint do not burden a fundamental right or implicate a suspect class, and he has not demonstrated that the decision not to add Catholic religious television programming was intentionally discriminatory. Therefore, Court finds the instant complaint is frivolous and/or fails

4

to state a claim upon which relief may be granted, and it will be dismissed.

### Conclusion

Plaintiff's allegations fail to raise a cognizable constitutional claim, and the instant

complaint is **DISMISSED WITH PREJUDICE** for his failure to state a claim upon which relief

may be granted and/or as frivolous. A final judgment in accordance with this opinion will issue

today.

**SO ORDERED** this the 29th day of April, 2013.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**